UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHANISE H. REED,
        Plaintiff,

**DECISION & ORDER**
18-cv-0169-JWF

v.

COMMISSIONER OF SOCIAL SECURITY,
        Defendant.

## Preliminary Statement

Plaintiff Shanise H. Reed ("plaintiff" or "Reed") brings this action pursuant to Title II and Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), who denied her application for benefits. See Compl. (Docket # 1). Presently before the Court are competing motions for judgment on the pleadings. See Docket ## 10, 13. For the reasons explained more fully below, plaintiff's motion for judgment on the pleadings (Docket # 10) is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 13) is **denied**, and the case is **remanded** for further administrative proceedings consistent with this ruling.

## Background and Procedural History

On March 27, 2014, plaintiff filed for Social Security Disability and Supplemental Security Income, alleging disability based on irritable bowel syndrome ("IBS"), asthma, arthritis, and depression. Administrative Record, Docket # 8 ("AR"), at 19. After plaintiff's application was initially denied, (AR at 74-87),

1

plaintiff, her attorney, and a vocational expert appeared before Administrative Law Judge Stephen Cordovani (the "ALJ") on October 12, 2016 for a hearing. AR at 32-73. The ALJ issued an unfavorable decision on February 6, 2017. AR at 13-27. Plaintiff appealed to the Appeals Council ("AC") and the AC denied plaintiff's appeal on December 3, 2017. AR at 1. Plaintiff commenced this action on February 1, 2018 (Docket # 1) and filed her motion for judgment on the pleadings on October 22, 2018 (Docket # 10). The Commissioner filed its motion for judgment on the pleadings on December 21, 2018 (Docket # 13) and Reed replied on January 11, 2019 (Docket # 14).

For the purposes of this Decision and Order, the Court assumes the parties' familiarity with the medical evidence, the ALJ's decision, and the standard of review, which requires that the Commissioner's decision be supported by substantial evidence and free of reversible legal error. See Acierno v. Barnhart, 475 F.3d 77, 80-81 (2d Cir. 2007) (so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed), cert. denied, 551 U.S. 1132 (2007).

## Discussion

Plaintiff argues that the ALJ erred by not considering her non-severe mental impairments in his residual functional capacity

2

("RFC") determination, warranting remand.[1] Pl.'s Mem. of Law in Support of Mot. for J. on Pleadings (Docket # 10), at 10. For the reasons that follow, I agree.

Judge Vilardo of our district recently summarized the obligations of an ALJ when considering work related limitations of a non-severe impairment in formulating an RFC:

> "[S]tep two of the Commissioner's five-step analysis . . . requires the ALJ to determine whether [a] mental impairment is 'severe' or 'not severe.'" Wells v. Colvin, 727 F.3d 1061, 1064 (10th Cir. 2013) (quoting 20 C.F.R. §§ 404.1520a(b)-(d), 416.920a(b)-(d)). "But the regulations also instruct that even if the ALJ determines that a claimant's medically determinable mental impairments are 'not severe,' he must further consider and discuss them as part of his [RFC] analysis at step four." Id. Specifically, the ALJ "must consider the combined effect of all the claimant's medically determinable impairments, whether severe or not severe." Id. at 1065 (emphasis in original).
>
> "[T]he Commissioner's procedures do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis." Id. (citing Social Security Ruling 96-9p, 1996 WL 374184, at *4 (July 2, 1996)). Moreover, "the ALJ's 'RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence.'" Id. (quoting SSR 96-8p, 1996 WL 374184, at *7). Even when an ALJ uses "language suggesting he had excluded [mental impairments] from consideration as part of his RFC assessment[] based on his determination of non-severity" at step two, he must explicitly analyze the nonsevere impairments as part of his RFC analysis, see id., unless he finds "at step two that a medically determinable

---

[1] Medical evidence in the record and a significant portion of the hearing testimony concerned plaintiff's gastrointestinal issues, including incontinence. See AR at 50-60. For reasons not clear, plaintiff does not address the ALJ's failure to consider these issues as severe impairments at Step Two. Because plaintiff has not raised this issue, the Court declines to address it sua sponte.

3

impairment posed no restriction on the claimant's work
activities," id. at 1065 n.3. So if the ALJ "find[s]
'mild' restrictions" resulting from a nonsevere
impairment, the ALJ must address those restrictions as
part of his RFC analysis. Id. And when the ALJ fails to
address nonsevere mental impairments in formulating a
claimant's RFC, it is "necessary to remand [the] case
for further consideration." Parker-Grose v. Astrue, 462
F. App'x 16, 18 (2d Cir. 2012).

In this case, the ALJ found at step two that
MacDonald's major depressive disorder caused "mild
limitations" in three functional areas: (1) activities
of daily living; (2) social functioning; and (3)
concentration, persistence, or pace. Docket Item 4 at
202. But the ALJ did not address those mild limitations
when formulating MacDonald's RFC. See id. at 203-07.
During his step two analysis, the ALJ referred to the
RFC analysis when he said, "the following [RFC]
assessment reflects the degree of limitation I have
found in the 'paragraph B' mental function
analysis." Id. at 203. But such lip service is
insufficient to satisfy the legal requirement that the
"RFC assessment . . . include a narrative discussion
describing how the evidence supports each conclusion,
citing specific medical facts (e.g., laboratory
findings) and nonmedical evidence (e.g., daily
activities, observations)." Wells, 727 F.3d at 1069
(emphasis in original) (quoting SSR 96-8p, 1996 WL
374184, at *7 (July 2, 1996)).

MacDonald v. Commr. of Soc. Sec., 17-CV-921, 2019 WL 3067275, at

*3 (W.D.N.Y. July 11, 2019).

In this case, the ALJ, after reviewing the medical evidence

of record, including plaintiff's mental health treatment records

and the opinions of two mental health experts, determined that

plaintiff had "mild limitations" in four functional areas: (1)

understanding, remembering, or applying information; (2)

interacting with others; (3) concentrating, persisting or

4

maintaining pace; and (4) adapting or managing oneself. AR at 20-21.

The ALJ claims to have "considered" the limiting effects of plaintiff's non-severe impairments in formulating an RFC. AR at 20. But there simply is nothing in his decision to suggest that that assertion is anything but boilerplate. Indeed, the ALJ's decision does not incorporate any mental health limitations, let alone refer to any such limitations, even if they are non-severe.[2] See Schmidt v. Colvin, No. 15-CV-2692 (MKB), 2016 WL 4435218 at *13 (E.D.N.Y. Aug. 19, 2016) ("Because the ALJ failed to account for the limitations imposed by Plaintiff's non-severe mental impairments, the Court remands for consideration of those limitations in determining Plaintiff's RFC."). Thus, the failure of the ALJ to consider plaintiff's non-severe mental impairments in formulating his RFC or to explain why such impairments need not be considered constituted error. See Dixon v. Astrue, CIV. 10-5703 RBK, 2011 WL 4478493, at *12 (D.N.J. Sept. 26, 2011) ("In this case, the ALJ properly evaluated Plaintiff's depression to determine that it was not severe. However, after making that determination, the ALJ neglected to factor Plaintiff's depression

---

[2] The only apparent recognition of plaintiff's mental health issues in the RFC portion of the ALJ's decision is that plaintiff testified to "depression[] and anxiety" and that she "is often emotional and that she frequently cries." AR at 23. This passing reference to plaintiff's testimony seems insufficient to constitute a meaningful "consideration" of plaintiff's non-severe mental health issues.

5

into the RFC analysis, and he failed to offer a reason for leaving Plaintiff's depression out of that analysis.").

It is also beyond dispute that "[i]n assessing a claimant's RFC, the ALJ must evaluate the 'combined impact on a claimant's ability to work, regardless of whether every impairment is severe.'" Vasquez v. Commr. of Soc. Sec., 18-CV-1107 (AMD), 2019 WL 765260, at *3 (E.D.N.Y. Feb. 21, 2019) (quoting Dixon v. Shalala, 54 F.3d 1019, 1031 (2d Cir. 1995)). The record here supports plaintiff's contention that plaintiff's non-severe psychological impairments could impact plaintiff's ability to work, especially when coupled with the physical limitations the ALJ did find to be severe. See Graham v. Berryhill, 16-CV-6787-FPG, 2017 WL 5019274, at *3 (W.D.N.Y. Nov. 3, 2017) (finding that "[e]ven if an impairment is nonsevere, the SSA's regulations require the ALJ to consider those impairments when assessing the claimant's RFC" and determining in that case that "remand is still required because the ALJ failed to account for Graham's migraines when determining her RFC"). The medical evidence and plaintiff's testimony confirm that plaintiff's gastrointestinal issues and mental health issues were intertwined and contributed to her severe physical impairments. AR at 53 ("I believe it's my nerves. I believe it's got a lot to do with what's going on with me, like, far as the IBS [sic], as far as my mental state."). Therefore, as in MacDonald, "even if substantial evidence supports the ALJ's

6

determination" that plaintiff's mental health impairments are not severe at Step Two, "remand is still necessary 'for further consideration because the ALJ failed to account [for plaintiff's] mental health limitations.'" MacDonald, 2019 WL 3067275, at * 4 (quoting Parker-Grose, 462 F. App'x at 18). In sum, "[r]emand is appropriate so that the ALJ can consider the extent to which the plaintiff's mental health impairments might affect her RFC, an evaluation that may require additional input from the vocational expert." Vasquez, 2019 WL 765260, at *3.

## Conclusion

For the reasons explained above, plaintiff's motion for judgment on the pleadings (Docket # 10) is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 13) is **denied**, and the case is **remanded** for further proceedings consistent with this Decision and Order.

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 24, 2019
Rochester, New York

7